[No. 34834. Department One. April 2, 1959.]

EDWIN T. WHITE, *Respondent,* v. SEATTLE LOCAL UNION No. 81, AMALGAMATED MEAT CUTTERS' AND BUTCHER WORKMEN OF NORTH AMERICA *et al., Appellants.*[1]

*L. Presley Gill,* for appellants.

*Joseph D. Holmes,* for respondent.

MALLERY, J.—The plaintiff brought this action against the defendants for damages for depriving him of his job as recording secretary and assistant business agent of the local union. The trial court granted a motion for summary judgment for defendant Amalgamated Meat Cutters' and Butcher Workmen of North America. The remaining defendants appeal from an adverse judgment.

Appellants assign error to the trial court's finding that they declared the office vacant in violation of the union constitution and bylaws. This assignment is well taken.

In January, 1954, the respondent received a majority of the votes cast for the office of recording secretary and assistant business agent of the appellant union. The term of office was to commence on February 2, 1954. About January 27, 1954, the acting King county health officer placed the respondent in quarantine for the reason that he had active pulmonary tuberculosis. The quarantine was effective as of February 1, 1954, and continued for the period here in question. On February 2, 1954, the appellant union's president announced at the regular union meeting that the respondent's office was vacant because he was confined with active tuberculosis.

The trial court felt, according to its memorandum opinion, that the quarantine was in the nature of an affirmative defense, and, since it was not pleaded as such, it could not be considered in reaching a decision. We do not agree.

The complaint alleged that appellants declared the office vacant in *violation* of the union constitution and bylaws. This was answered by a general denial. It was the trial court's position that the union failed to follow Art. XX of its constitution, which provides the procedure necessary for impeachment or dismissal of an officer or member, and that

the declaration of a vacancy in the office was therefore wrongful.

The impeachment or dismissal of an officer, of course, creates a vacancy in the office, but we are not here concerned with a vacancy so created. Instead, the vacancy in question was attributable solely to the respondent's health. The law requires the quarantine of one suffering from active pulmonary tuberculosis. The quarantine of the respondent was as conclusive upon the question of his taking the office or performing the duties thereof as his death, incarceration or deportation would have been. The vacancy was thus an inescapable fact due to his enforced absence, which was merely recognized—not created—by the appellants.

When the union president told the members at the February 2, 1954, meeting that the office was vacant, the declaration did not constitute a removal of an officer such as is contemplated under Art. XX of the union constitution. It was simply the announcement of an established fact. There is no provision in the union constitution and bylaws for the procedure to be followed in vacancies of this kind other than a provision for election of a replacement. The respondent was not wrongfully removed from office nor damaged by the announcement of the vacancy at a regular meeting.

The judgment is reversed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

June 23, 1959. Petition for rehearing denied.